UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Allen Upchurch, | ) C/A No.: 2:09-2125-CWH-BM ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Report and Recommendation |
| Melissa McKee; Kenny Droze; Carol Droze; Myra Behr; Jimi Jackson; and Unknown Others, | ) ) ) ) ) |
| Defendants. | |

This action was originally filed by the plaintiff, *pro se*, in the South Carolina Court of Common Pleas. The defendants thereafter removed this action to federal court on August 12, 2009, asserting federal question jurisdiction on the grounds that plaintiff's complaint raises issues of federal law. Plaintiff has filed a timely motion for remand, asserting that "[a]ll laws relied upon in the said Complaint is strictly State Laws."

Plaintiff alleges in his state court complaint that the defendants improperly removed his animals from his property. Most of the defendants appear to be employed by, or affiliated with, Dorchester County Animal Control, although defendant Behr is a "Codes Enforcement Manager" for Dorchester County. Plaintiff alleges the defendants violated his civil rights by illegally searching and seizing his property without due process of law. He also alleges that he was "coerced", and claims he has suffered emotional distress which was intentionally inflicted upon him by the defendants. Plaintiff also alleges he was maliciously prosecuted, twice, and that in each instance he was found not guilty of the charges. He claims the defendants converted his private property,



1

including, but not limited to, 211 birds, 12 dogs, 15 turkey eggs, 20 chicken eggs, 11 peacock eggs, 15 guinea eggs, an incubator, 28 quail, 56 chickens, 1 rabbit, 1 pig, 4 adult peacocks (one of which was a solid white male with a nine foot tail worth several thousand dollars), "equipment", and items from his residence. Plaintiff alleges that some of the defendants were unjustly enriched by the taking of his property, and that "[t]he stealing, selling and purchasing of stolen property is an intentional tort in South Carolina. The acts of defendants constitute negligent, reckless and wanton disregard of the property ownership of the plaintiff." He seeks damages.

## DISCUSSION

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Further, the removal statutes are to be construed against removal jurisdiction, and in favor of remand; *see, e.g., Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)(collecting cases); and *Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 436 (W.D.Va. 1990); and while a plaintiff may object to the removal of a case, even if a plaintiff fails to object to a Notice of Removal within thirty days after the Notice of Removal is filed, a federal court is not bound by the parties' characterization of a case or its appropriate parties, and must still remand the case to state court if there is no federal question jurisdiction or diversity jurisdiction. *Lyon v. Centimark Corporation*, 805 F. Supp. 333, 334 (E.D.N.C. 1992).

Complaints raising issues pertaining to civil rights, illegal searches and seizures, and due process of law are routinely filed in the District Courts pursuant to 42 U.S.C. § 1983. Since these



types of cases are common, it was certainly reasonable for the defendants to have removed this case to federal court under the assumption that plaintiff was pursuing relief for violations of his federal constitutional rights under § 1983. However, a review of the text of plaintiff's complaint reveals that, while he does use such terms as "civil rights", "illegal search and seizure", and "due process of law" in describing his claims, he asserts that the defendants are liable under South Carolina law for "conversion", "unjust enrichment", and for being "negligent, reckless and wanton." Deprivations of personal property, including negligent deprivations of personal property do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328-36 & n. 3 (1986); *See Ruefly v. Landon,* 825 F.2d 792, 798-94 (4th Cir.1987); and *Pink v. Lester,* 52 F.3d 73, 78 (4th Cir.1995). Claims for intentional infliction of emotional distress and malicious prosecution may also be pursued solely under state law, and Plaintiff states in his motion for remand that he is asserting all of his claims solely under state law only. Section 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Dep't. of Social Services,* 489 U.S. 189, 200-203 (1989).

In light of the foregoing, including plaintiff's *pro se* status and the well established requirement that this Court give liberal construction to pleadings filed by *pro se* litigants, the undersigned finds plaintiff's motion for remand to be proper. Plaintiff clearly wishes to only pursue his claims under state tort law. Additionally, the defendant's response to plaintiff's motion to remand indicates that if federal constitutional claims are withdrawn, the defendants would consent to remand.



3

Therefore, it is recommended[1] that plaintiff's motion to remand be **granted**, and that this case be remanded to the South Carolina Court of Common Pleas for disposition. Plaintiff is specifically advised that, upon remand of his case, the only claims or causes of action he will be deemed to be asserting are state claims which do not involve the denial of due process or other federal constitutional claims.

Bristow Marchant
United States Magistrate Judge

October 2, 2009

Charleston, South Carolina

**_The parties' attention is directed to the important notice on the next page._**

---

[1] It is not firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required. *Cf. Vaquillas Ranch Company v. Texaco Exploration & Production, Inc.*, 844 F. Supp. 1156, 1163 (S.D.Texas 1994); *McDonough v. Blue Cross of Northeastern Pennsylvania*, 131 F.R.D. 467 (W.D.Pa. 1990); *City of Jackson v. Lakeland Lounge of Jackson, Inc.*, 147 F.R.D. 122, 124 (S.D.Miss. 1993); *Long v. Lockheed Missiles & Space Co.*, 783 F.Supp. 249 (D.S.C. 1992). Therefore, out of an abundance of caution, a Report and Recommendation is being entered.

## Notice of Right to Appeal or to File Objections

The parties are advised that they may file specific written objections to this Order/Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Order/Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Order/Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Order/Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Order/Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

