IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Thomas Allen Upchurch, ) Civil Action No.: 2:09-2125-CWH
)
        Plaintiff, )
)
vs. ) **ORDER**
)
Melissa McKee, Kenny Droze, )
Carol Droze, Myra Behr, Jimi Jackson, )
unknown others, individually and in their )
official positions, )
)
        Defendants. )
)

      This action was filed pro se by Thomas Allen Upchurch (the "plaintiff") in the South Carolina Court of Common Pleas, County of Dorchester, First Judicial Circuit, against the defendants Melissa McKee, Kenny Droze, Carol Droze, Myra Behr, Jimi Jackson, and unknown others, individually and in their official positions (the "defendants"). The plaintiff alleged that the defendants, most of whom appeared to be employed by, or affiliated with Dorchester County, had improperly removed his animals and birds from his property. The plaintiff alleged the defendants had violated his "civil rights" by conducting an illegal search and seizure and denying him due process. The plaintiff also alleged causes of action for coercion, intentional infliction of emotional distress, malicious prosecution, conversion of private property, and unjust enrichment. On August 12, 2009, the defendants, viewing the complaint as alleging causes of action under 42 U.S.C. § 1983, removed the action to this Court pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this

matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a report and recommendation.

On August 24, 2009, the plaintiff filed a motion to remand this matter to state court, claiming: "All laws relied upon in the said Complaint is strictly State Laws." (Docket # 6). Thereafter, the defendants filed a response in opposition to the plaintiff's motion to remand, and on October 5, 2009, the magistrate judge issued a report and recommendation that this matter be remanded to state court because a fair reading of the pro se complaint indicated that the plaintiff wished to pursue his claims only under state tort law. The magistrate judge advised the defendants of the procedures and requirements for filing objections to the report and the serious consequences if they failed to do so. The defendants have not filed any objections to the report, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the district court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo review of any portion of the report of the magistrate judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b). In this case, because the defendants did not file any objections to the report, the district court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the



recommendation") (citation omitted). After reviewing the record, the applicable law, and the report and recommendation of the magistrate judge, the Court agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the report and recommendation (Docket # 14) by reference in this order. The plaintiff's motion to remand this case to state court (Docket # 6) is granted.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

November 30, 2009
Charleston, South Carolina